J-S11026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODNEY MARSHALL :
:
Appellant : No. 915 EDA 2022

Appeal from the Judgment of Sentence Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000057-2019

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 2, 2023**

Rodney Marshall appeals his judgment of sentence following his convictions for attempted murder, aggravated assault, possession of a firearm prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, simple assault, and recklessly endangering another person.[1] He challenges the admission of certain evidence. We affirm.

The facts giving rise to Marshall's convictions are as follows. On June 19, 2018, Marshall shot the victim, Irvin Logue, multiple times in the back and arm. Logue initially did not cooperate with the police in the investigation of his shooter but later identified Marshall as the perpetrator, resulting in Marshall being arrested and charged. At Marshall's bench trial, the Commonwealth presented testimony from Logue, the investigating police

---

[1] 18 Pa.C.S.A. §§ 901(a), 2502, 2702(a), 6105(a)(1), 6106(a)(1), 6108, 2701(a), and 2705, respectively.

officers and detectives, and from Logue's wife and son. Marshall testified in his defense.

During Logue's testimony, he admitted that he dealt drugs and had been doing so for 30 years. He further admitted that he previously had a car stolen and did not report that $22,000 and narcotics had been in the car at the time. Further, he testified that Marshall obtained statements he, his wife, and his son had given to the police, and that Marshall disseminated them to neighbors, which resulted in the Commonwealth relocating Logue for his safety.

The court found Marshall guilty of the above crimes and sentenced him to an aggregate term of seven to 14 years' imprisonment followed by three years' reporting probation. This timely appeal followed.

Marshall raises the following issues:

> [1.] Did the trial court err, abuse its discretion, and/or make a mistake of law in refusing to allow Mr. Logue to testify, over objection, to drugs and money contained in his car.
>
> 2. Did the trial court err, abuse its discretion, and/or make a mistake of law in refusing to allow Mr. Logue to testify, over objection, to a prior shooting he was involved in and gave testimony about.
>
> [3.] Did the trial court err, abuse its discretion, and/or make a mistake of law in allowing Mr. Logue to testify over objection to an alleged written statement made by [Marshall] when that statement was not produced at trial.

*See* Marshall's Br. at 6 (answers of court and suggested answers omitted; questions reordered).[2]

Marshall maintains that the court limited the introduction of impeachment evidence during cross-examination. This impeachment evidence included Logue's testimony regarding his car being stolen and the drugs and money in it, and testimony about whether Logue had been convicted of a *crimen falsi* crime. He argues that this evidence was relevant to attack Logue's credibility.

To the extent that Marshall raises an issue with the court limiting testimony regarding Logue's alleged convictions for *crimen falsi* crimes, we do not consider it because Marshall did not set this issue forth in his Statement of Questions Involved or in his Rule 1925(b) Statement. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in Rule 1925(b) statement are waived).

---

[2] We rearranged the order of Marshall's issues because the argument section of his brief is not "divided into as many parts as there are questions to be argued." *See* Pa.R.A.P. 2119(a). Rather, Marshall presents three issues in his Statement of Questions Involved, while his argument is divided into only two sections bearing headings that do not match his Statement of Questions. One argument section is listed as, "The Trial Court Should Have Allowed Impeachment Testimony Into Evidence" and the second section is captioned, "Improper Admission of Double Hearsay at Trial." Marshall's Br. at 13, 15. Because Marshall's error does not hamper our appellate review, we decline to quash this appeal. *See* Pa.R.A.P. 2101 (providing that if defects in the appellant's brief are substantial, the appeal or other matter may be quashed or dismissed).

Marshall challenges the admission of evidence, which we review for an abuse of discretion. *See Commonwealth v. Saez*, 225 A.3d 169, 177 (Pa.Super. 2019). An abuse of discretion exists where the court's ruling resulted in "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* at 178 (citation omitted). Evidence is admissible when it is relevant. *See* Pa.R.E. 402. Evidence is relevant where "it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). A court may exclude relevant evidence if its "probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Marshall cites the following exchange in which the trial court sustained an objection to a question asking the type of drugs that were in the stolen car:

> Q [Defense Counsel]: Who did you report the car stolen to?
>
> A [Logue]: To the police.
>
> Q: Did they give you a DC number?
>
> A: Yes, they did.
>
> Q: Okay. Do you have that?
>
> A: I don't have it on me personally, but it's a record that you guys can --

Q: Well, I can't get it. They gave you the number. I have no idea the number they gave you.

A: I no longer have -

Q: Oh, you no longer have it. What else did you say that's not included in this statement?

A: What was in the vehicle.

Q: The 22,000 and drugs. What kind of drugs?

MR. KLEIN [Commonwealth]: Objection to relevance.

THE COURT: Sustained.

MR. JARRETT [Defense Counsel]: He said it. He opened the door by saying it.

THE COURT: Sustained.

MR. JARRETT: So I can't ask him what kind of drugs he had in the car?

THE COURT: Right, you can't.

N.T. Trial, 12/21/21, at 93-94.[3]

Marshall claims that the court erred by limiting this testimony because Logue's failure to tell the Commonwealth that his vehicle had been stolen and that it had $20,000 and drugs was "extremely relevant to the believability of his belated report to police relating to the identity of the shooter." Marshall's Br. at 14.

The trial court determined that it did not limit counsel's cross-examination until he "sought to delve deeper into the specific *type* of drugs in the car[.]" Opinion, filed 8/4/22, at 16 (emphasis in original). As such, it

---

[3] Marshall's citation begins at page 92 but a review of the record shows that the quoted text begins on page 93. *See* Marshall's Br. at 13-14.

concluded that it "exercised its discretion in drawing a boundary of relevance." *Id.* at 17.

The court did not abuse its discretion. The court permitted Marshall to elicit that there had been drugs and money in the car, disallowing only testimony regarding the specific type of drugs. The specific type of drugs would not have further impeached Logue's credibility. The point of the cross-examination was that Logue was not believable because he had omitted damaging information when he reported his car stolen. The type of drugs was not relevant to that point. Nor would it have established a material fact in the case, tended to make it more or less probable that Marshall shot Logue, or supported a reasonable inference or presumption that Marshall did not shoot him. **See Drumheller**, 808 A.2d at 904. The court did not abuse its discretion in limiting counsel's line of questioning.

Marshall also claims that the court erred by preventing him from cross-examining Logue about his involvement in a prior shooting. This claim is waived. In his Statement of the Case,[4] Marshall details the exchange between defense counsel and Logue before the court sustained a relevance objection by the Commonwealth, and asserts that the trial court improperly sustained the objection. **See** Marshall's Br. at 9-10. However, Marshall fails to present a developed argument – in the Argument section of his brief, the Statement of the Case, or anywhere else in his brief – with citations to authorities and

---

[4] Marshall's Statement of the Case is improperly argumentative. **See** Pa.R.A.P. 2117(b).

an analysis explaining his contention that the trial court should not have sustained the objection. *See id.* at 13-17 (presenting argument regarding first and third appellate claims); *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015) (stating waiver may result where appellant fails to develop argument).

Marshall's final issue challenges the court's admission of what Marshall claims to be double hearsay. *See* Marshall's Br. at 15. He directs us to the following testimony:

> Q [Commonwealth]: Can you tell us why you requested that relocation?
>
> A [Logue]: Okay. Mr. Marshall had sent out a statement in regards to --
>
> MR. JARRETT [Defense Counsel]: Objection to the hearsay unless it's a physical statement that he has a copy of or that he had a copy of.
>
> MR. KLEIN [Commonwealth]: It's a statement by the defendant.
>
> THE COURT: It's a statement by the defendant. Overruled.
>
> THE WITNESS [Logue]: He sent a copy of the statement that was given by myself, my wife, and my son and, you know, the neighborhood was just like threatening my son -

N.T. Trial, 12/21/21, at 34.[5]

Marshall argues that the initial hearsay statements were the written statements of the victim, the victim's wife, and their son. The second hearsay statement "appears to be a statement 'sent out by' [Marshall][.]" Marshall's

---

[5] Marshall's citation begins at page 33 but a review of the record shows that the quoted text is limited to page 34. *See* Marshall's Br. at 16.

Br. at 16. He maintains that the court should have required the Commonwealth to show how each of these statements was covered within a hearsay exception.

Marshall's claim is meritless because the Commonwealth did not offer an out of court statement from Logue, his wife, or his son. Instead, Logue testified that Marshall had obtained the written statements Logue, Logue's wife, and Logue's son had provided to the police, and mailed them out. N.T. Trial, at 33-34, 101-102. Logue said that this resulted in the neighborhood threatening Logue's son and prompted Logue to ask for relocation. *Id.* at 33-34. At no point in the challenged testimony did Logue say anything about the contents of the statements. We affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/02/2023